ELIZABETH WOODS, plaintiff in error, vs. GUSTAVUS T. SYMMES, and others, defendants in error.

To entitle securities, upon a bail bond in trover, to the writ of *ne exeat* against the administratrix of their principal, it is not sufficient to allege, merely, that she is insolvent, and that complainants are informed, and believe, that the negroes in dispute will be removed beyond the limits of the State, and leave them bound for their production, in the event of a recovery.

In Equity.  Decision on demurrer, by Judge RICE, at chambers, November 24, 1857.

This was a bill filed by Gustavus T. Symmes, Robert H. Moore and James L. Howell, against Elizabeth Woods, administratrix of William Woods, deceased.

The bill states that an action of *bail trover* was instituted against the said William Woods, in his lifetime, for the recovery of certain negroes; and that complainants, with one other person, who has since removed from the State, became his sureties on a bond in a penalty of three thousand dollars, conditioned that he should produce said negroes, to answer such judgment and execution as might be rendered against him in said action of trover, &c.

The bill further states, that since the execution of said bond, their principal has departed this life intestate, and administration on his estate has been granted to his widow, the said Elizabeth, who has become insolvent; and that complainants are informed, and believe, that said negroes will be removed beyond the limits of the State, thus leaving complainants bound for their production, in the event of their recovery, or to pay the penalty of said bond.

The bill prays, that complainants be protected and saved harmless from their liability in the premises, by compelling said Elizabeth to give bond, with good security, for the production of said negroes, or else to deliver the same to the Sheriff of said county, to be produced to answer such judgment as may be rendered in said action of trover.

To this bill defendant demurred. The presiding Judge overruled the demurrer, and ordered defendant to answer the bill, to which decision she excepted.

WM. MARTIN, for plaintiff in error.

IRWIN & LESTER, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

One Andrew Howell commenced an action of trover against Wm. Woods, the intestate of Elizabeth Woods, to recover some negroes; and sued out bail process, under the statute. The complainants in the bill became securities for the defendant, in a bond of $3,000, for the forthcoming of the negroes, to answer to the recovery, should any be had. Wm. Woods, the defendant, died; and Elizabeth Woods administered upon his estate, and was made a party to the suit, which is still pending. This bill is filed by the securities, suggesting the foregoing facts; and that Elizabeth Woods is insolvent, as they are informed and believe; and praying that the writ of *ne exeat* may issue, and that said Elizabeth Woods may be compelled to secure the payment of the sum of money for which they are bound, or to deliver said negroes at the time and place mentioned in the original bond. And the only allegation upon which the writ of *ne exeat* is prayed, is, that the complainants " are informed, and believe, that the negroes in contoversy will be removed beyond the jurisdictional limits of the State, leaving the complainants liable upon their said bond." The jurat is in the ordinary form of affidavits to bills in equity.

This proceeding is under the Act of 1813, (*Cobb,* 525,) which extends the remedy by *ne exeat* to a class of cases to which it did not apply at common law, viz: to demands not due in certain cases; and in favor of co-obligors who are bound for the payment of money, or the delivery of property at a future

time.　The preamble to the Act recites, that no provision.is made for co-obligors when a part of them remove, or are about removing without the jurisdictional limits of the State, without making satisfaction for the liability to be incurred, &c.　And again, in the second section it declares, that securities shall have the benefit of this remedy, when the principal or either of the securities are about removing without the limits of the State, &c.

It is doubtful, under this statute, whether the party is entitled to this remedy upon an allegation merely, however strongly made, *that the property will be removed,* but without averring that the person designs removing.

But waiving this, and assuming that the Act is in the alternative, and that "and" should be read "or" in the second section, that the co-obligor is about to remove without the limits of the State, or is carrying off his property, still the allegation in the bill is defective.　It states no fact; it simply affirms that the complainants are informed and believe that the property in dispute will be removed out of the State, so as not to be forthcoming to answer the judgment which may be recovered.　Looking upon this Act as in the nature of equitable bail, perhaps the allegation might be tantamount to a positive averment, that the complainants are apprehensive of being made chargeable with the whole amount of their liability, or some part thereof, unless the writ of *ne exeat* do issue.　The statement in this bill is hardly so broad as this.　They state nothing of their own knowledge.　Who gave them the information upon which their belief is founded, the bill does not disclose.　No affidavit of the informant accompanies the bill.　This bill may be amended, or a new one filed, with allegations sufficiently certain and issuable to be maintained.　As it stands, it needs strengthening; especially as the Act of 1813 itself declares, that in all cases originating under it, the party complainant shall pursue the *legal forms* and *course of law* heretofore practiced in this State.　It will hardly be contended, that the alle-

gation in this bill would be good at common law, and we hold it not good in this case, the liability being but contingent at most; and notwithstanding the alleged insolvency of Mrs. Elizabeth Woods, the administratrix, she must be presumed to have given sufficient security for the faithful administration of her husband's estate. At any rate, if the security already given be inadequate, it can be made good, or she removed from her trust, and the property taken out of her custody.

                                        Judgment reversed.